PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JACINTO NUNEZ LEBRON, | ) |
| | ) CASE NO. 4:11CV0784 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| S.I.S. CONROY, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **AND ORDER** |

*Pro se* Plaintiff Jacinto Nunez Lebron filed this *Bivens*[1] action against Northeast Ohio Correctional Center ("NEOCC") Special Investigative Services ("SIS") Officer Conroy, Chief of Security Mr. Guzman, NEOCC Warden Rushing, Corrections Corporation of America ("CCA"), and CCA Chairman of the Board John Ferguson.[2] In the Complaint (ECF No. 1), Plaintiff alleges Defendants failed to protect him from an inmate attack. He seeks monetary relief.

## I. Background

Plaintiff was assaulted by another inmate on October 12, 2010. He alleges a corrections officer fell asleep and a member of the "Mexican Mafia" slipped through security and attacked him.[3] ECF No. 1 at 2. He claims Mr. Guzman fears reprisals from this gang and will not try to identify prisoners with ties to this organization. Plaintiff contends this led to his attack.

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is inapplicable, as there is no allegation of action under color of state law.

[2] *See* http://www.cca.com

[3] The Mexican Mafia is a criminal organization and is one of the oldest prison gangs in the United States. *See* http://www.prisonoffenders.com

(4:11CV0784)

After the assault, Plaintiff was placed in protective custody. He wanted to return to the general population but he was told he had to remain in segregation for his own safety. He asked for a transfer to another prison, but his request was declined. He again was told his safety could be compromised.

Plaintiff asserts two claims for relief. First, he asserts that Defendants failed to protect him from an inmate attack. The Court liberally construes this claim as arising under the Eighth Amendment. He also contends he was denied due process when he was placed in protective custody.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[4] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke,*

---

[4] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

(4:11CV0784)

490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal , --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. Twombly, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. Id. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

#### A. Parties

As an initial matter, CCA is not a proper party to a *Bivens* action. *Bivens* provides a cause of action only against individual officers acting under color of federal law alleged to have acted unconstitutionally. Correctional Services Corporation v. Malesko, 534 U.S. 61, 70 (2001). A *Bivens* action cannot be brought against a federal prison, the Bureau of Prisons, or the United States Government. Id. CCA, which owns and operates NEOCC, is a private corporation. Because inmates housed in federal correctional institutions cannot bring an action against the prison or the

3

(4:11CV0784)

government entity that operates the prison, the Supreme Court declined to extend that cause of action to a private prison or the corporate entity that owns and operates it. *Id.* at 74.

In addition, there are no allegations against SIS Officer Conroy or John Ferguson in the Complaint. Plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

It is possible that Plaintiff included Mr. Ferguson because he supervises all of the CCA prisons. This also fails to state a claim upon which relief may be granted. Liability could not be based on a theory of *respondeat superior*. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)). *Bivens* is a limited remedy against individuals for their own actions. *Malesko*, 534 U.S. at 70. The theory of *respondeat superior* is inconsistent with the purpose of *Bivens*. *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir. 1978).

### B. Eighth Amendment

Plaintiff first claims Defendants failed to protect him. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is

(4:11CV0784)

measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

While assault by another inmate can arguably pose a substantial risk of serious harm, Plaintiff fails to establish the subjective component of his claim. The failure to segregate violent inmates from non-violent inmates has been held to constitute "deliberate indifference" where there is a pervasive risk of harm or where the victim belonged to an identifiable group of prisoners for whom risk of assault is a serious problem. *Street v. Corrections Corporation of America*, 102 F.3d 810, 814 (6th Cir. 1996); *Marsh v. Arn*, 937 F.2d 1056, 1061 (6th Cir. 1991), *overruled on other grounds by Farmer*, 511 U.S. at 825. Plaintiff alleges Mr. Guzman did not adequately identify these gang members, but he does not allege that Mr. Guzman was aware Plaintiff could be a likely target of this group or a particular inmate of this group. Plaintiff fails to allege facts to suggest Mr. Guzman had a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment.

(4:11CV0784)

### C. Due Process

Plaintiff also contends his indefinite placement in protective custody denied him due process. He does not say that he was not given a hearing. In fact, Plaintiff is silent on the issue of what process he did or did not receive.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." U.S. CONST. AMEND. V. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

Prisoners have narrower liberty and property interests than other citizens as "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)); *Evans v. Vinson*, No. 09-6283, 2011 WL 2579779, at *4 (6th Cir. June 29, 2011). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause, standing alone, confers no liberty or property interest in freedom from government action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "[T]he

6

(4:11CV0784)

Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221. Generally, unless the transfer to a higher security level is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no liberty or property interest will be found in the case. *Sandin*, 515 U.S. at 484. Indefinite assignment to a super-maximum security prison, for example, triggers due process protections, *Wilkinson*, 545 U.S. at 224, while temporary placement in disciplinary confinement was considered to be "within the range of confinement to be normally expected for one serving an indeterminate term of 30 years to life," *Sandin*, 515 U.S. at 487. The nature of the more-restrictive confinement and its duration determine whether the placement imposes an "atypical and significant hardship" in relation to ordinary prison life. *Harden-Bey v. Rutter*, 524 F.3d 789, 793 (6th Cir. 2008).

Plaintiff contends he was placed in protective custody indefinitely within NEOCC. Administrative segregation and disciplinary segregation impose similar restrictive confinement conditions. *Id.* Because Plaintiff alleges he was placed indefinitely in administrative segregation, he is arguably entitled to due process protections. Due process, however, requires only that a prisoner receive notice of the hearing, an opportunity (when consistent with institutional safety and correctional goals) to call witnesses and present documentary evidence in his defense, and a written statement by the factfinder of the evidence relied on and the reason for the action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). Due process does not guarantee that Plaintiff will receive the result he desires, or even that he will receive details on the investigation into his attack. *Zinermon v. Burch*, 494 U.S. 113, 127-28 (1990). It only gives him notice and an opportunity to be

7

(4:11CV0784)

heard concerning his placement in administrative segregation. Plaintiff does not contend he was denied a hearing. He states he spoke to the Warden concerning his placement and was informed he would be kept in protective custody because his life was in danger. See ECF No. 1 at 2. He does not indicate the context in which this conversation took place. The Court finds there are no allegations in the Complaint (ECF No. 1) from which the Court could draw a reasonable inference that Plaintiff was denied due process. See Jones v. Holloway, No. CV 310-090, 2011 WL 1871396, at *2-3 (S.D.Ga. April 20, 2011), report and recommendation adopted by 2011 WL 1869432 (S.D.Ga. May 16, 2011) (federal due process claim dismissed for failure to state a claim upon which relief may be granted).

## IV. Conclusion

Accordingly, Plaintiff's Eighth Amendment claim is dismissed with prejudice pursuant to 28 U.S.C. §1915(e). The Due Process Claim, however, is dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

  August 23, 2011            /s/ Benita Y. Pearson
Date                         Benita Y. Pearson
                             United States District Judge

---

[5] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.